

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-22-00147-CV**

**IN THE INTEREST OF TIFFANY FORNS, AN ADULT CHILD**

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. CV335-21DC**

**MEMORANDUM  OPINION**

Appellant Tiffany Forns challenges the trial court's denial of her motion for genetic testing, which she filed within the context of her suit for adjudication of parentage.  *See generally* TEX. FAM. CODE ANN. §§ 160.601–.637.  Because we find no appealable order or judgment in the record, we will dismiss this appeal for want of jurisdiction.

**Background**

Tiffany was born in June of 1982 to Karen Morales.  Her birth certificate lists her father as Tommy Todd Hagar, who had divorced Karen in October of the previous year.  Karen now claims she knew at the time that Tommy was not Tiffany's biological father

and only listed him as the father because her own mother instructed her to do so. Because Tiffany was born within 301 days of the divorce, Tommy is presumed to be her father unless adjudicated otherwise by a court. *See id*. §§ 160.204(a)(2), .607(b)(1). At some point following her separation from Tommy, Karen began living with Don Vaughn. Several years following Tiffany's birth, Karen and Don contacted Tommy, who was apparently unaware that Karen was ever pregnant, and asked him to allow Don to adopt Tiffany.[1] Tiffany never lived with Tommy and, according to testimony presented at trial, believed Don was her biological father until high school, when she learned that her mother had been in a relationship with Monty Pueschel around the presumed time of Tiffany's conception.

Sometime between 2018 and 2020—at trial, witnesses were uncertain of the date—Tommy completed an over-the-counter genetic test at Tiffany's request. Tiffany offered those results as an exhibit at trial, but that evidence was deemed inadmissible by the trial court. No one denies that Tommy took the test and that he and Tiffany obtained the results, nor does anyone challenge the evidentiary ruling.

In June of 2021, Tiffany sued Monty for an adjudication of parentage and subsequently amended her petition to add Karen as a second respondent; neither Tommy nor Don was party to the proceedings. Embedded within both the original and amended petitions for relief is a request for genetic testing. The governing statute

---

[1] Based on the record, it appears that Don and Karen never completed the adoption. Don was not party to the suit.

requires the trial court to order such testing, *see id*. § 160.502(a), unless the trial court makes certain findings by clear and convincing evidence and considers the best interest of the child, *see id*. § 160.608(a)–(d).

Monty responded to Tiffany's suit by challenging the court's jurisdiction over the petition and arguing, in the alternative, that the statutory factors governing the denial of a motion for genetic testing, *see id*. §160.608(b), weigh in favor of denying Tiffany's motion. After a series of additional motions and continuances not relevant here, Tiffany filed an amended petition. The trial court held an evidentiary hearing at which Tiffany, Karen, Tommy, and Monty each testified. Don did not testify. The trial court issued a letter ruling outlining its reasoning before issuing a one-line order that denied the motion but did not determine parentage, *see id*. § 160.608(e) (requiring trial court, upon denial of such motion, "to issue an order adjudicating the presumed father to be the father of the child"). Tiffany requested findings of fact and conclusions of law, which the trial court prepared and filed. Tiffany timely perfected this appeal.

### Issues on Appeal

On appeal, Tiffany argues that the trial court "abused its discretion in denying [her] motion for genetic testing"; that the trial court's denial of the motion for genetic testing "should be considered a final order rather than an interlocutory order"; and that her petition and appeal present a "justiciable issue," notwithstanding the facts that she has reached the age of majority, is not otherwise eligible for any support, and that

Monty's testimony that adjudication of parentage will not change the devisees listed in his will. Monty offers counterarguments to each of Tiffany's points; he also asks this Court to remand for an award of attorney's fees. Because it is dispositive of this appeal, we will address only Tiffany's second argument. *See* TEX. R. APP. P. 47.1.

AUTHORITY

The Texas Constitution imbues the courts of appeals with jurisdiction "as prescribed by law." Tex. Const. art. V, sec. 6(a). It is now well settled that this court's jurisdiction extends only to appeals from final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (delineating permissible appeals from interlocutory orders); TEX. R. CIV. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specifically provided by law."). Jurisdiction cannot be waived and may be raised for the first time on appeal or questioned by the appellate court sua sponte. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

DISCUSSION

Monty asks us "to dismiss this appeal for want of jurisdiction." Tiffany, meanwhile, asks this Court to construe the one-line order as a final judgment[2] and reach the merits of the denial, arguing that "[t]he denial of genetic testing disposes of [her]

---

[2] She does not argue that the order is an interlocutory order made appealable by statute, and we are aware of no authority characterizing an order like the one at issue here as such.

claim[,] as the court cannot affirm or deny [Monty] as the biological father without genetic testing, and genetic testing in this cause is an appealable order." She continues, "Without the ability to appeal the denial of genetic testing in this case, the [trial court] may be forced to enter an order adjudicating a presumed father [i.e., Tommy] who was fraudulently placed on the birth certificate," because "[i]f a trial court denies a motion for genetic testing, the trial court shall issue an order adjudicating the presumed father to be the father of the child." (quoting TEX. FAM. CODE ANN. § 160.608(e)).

Section 105.006 of the Family Code delineates the necessary components of a final order in a suit affecting the parent-child relationship. The section applies to this suit. *See id.* § 105.006(a) (referring to any final order "other than in a proceeding under Chapter 161 or 162"). Yet few, if any, of the required elements is present in the challenged order.

The governing case on section 105.006 finality, *In re R.R.K.*, 590 S.W.3d 535 (Tex. 2019), holds that the absence of one or more of those elements from the challenged order is "not fatal" to finality. In that case, there was disagreement among the parties as to which of a series of orders served as the final order for the purposes of appeal. The high court explained:

> The trial court's memorandum lacks many of section 105.006's requirements for final orders and contains none of the statutorily-required warnings and advisories. The courts of appeals have differed in their consideration of the effect of compliance with section 105.006 on finality, with some holding that section 105.006 plays no role in determining

finality and others viewing lack of compliance as part of the overall finality analysis. We agree with the latter approach. While a missing required element does not conclusively negate finality, a failure to include multiple required elements suggests ambiguity as to the trial court's intent. In this case, that ambiguity is not otherwise resolved on the face of the memorandum because it lacks language that it finally disposes of all claims and parties and is appealable.

A failure to comply with every aspect of section 105.006 is not fatal to finality. But when finality is contested, and the order lacks required statutory elements, **a reviewing court should examine the record to determine finality under *Lehmann* and its progeny.** Absent "clear and unequivocal" language that the memorandum disposes of all claims and all parties and is appealable, omissions of elements required by section 105.006 raise doubt about an order's finality.

. . .

Because the memorandum order in this case does not contain "clear," "unequivocal," and "unmistakable" indicia of finality, removing "any doubt" about its effect, we examine the record to determine the trial court's intent.

. . .

We hold that an order lacking the unmistakable language of finality—that it resolves all claims between and among all parties and is final and appealable—is ambiguous in a suit under the Family Code when the order does not comport with the statute governing final orders and is otherwise inconclusive as to its intent. If a judicial decree's finality is ambiguous, a reviewing court should examine the record to determine the trial court's intent.

*Id*. at 542–44 (emphasis added and all footnotes omitted).

The *R.R.K.* court went on to explain that the series of draft orders and communications left no doubt as to which order the trial court intended as final. *See id*. at 544.

Here, the trial court omitted elements of finality required by section 105.006 of the Family Code.  In addition, Chapter 160 requires that a trial court denying a motion for genetic testing issue an order declaring a presumed father—in this case Tommy—to be the father of the subject child, *see* TEX. FAM. CODE ANN. § 160.608(e), which the trial court has not done.  Instead, the trial court's conclusions of law expressly state that Tommy is **not** Tiffany's father.  The trial court's letter ruling indicates that Tiffany has identified no "justiciable controversy" and that the courts can afford Tiffany no relief, seemingly suggesting finality.  Yet nothing in the order, the letter ruling, or the findings and conclusions satisfies *Lehmann*'s standards of "clear and unequivocal" language of finality.  And none of the trial court's comments from the bench, which were limited, offers any insight as to the trial court's intent.

In sum, the order Tiffany challenges on appeal is simply an order denying her motion for genetic testing.  Under governing standards, it has none of the hallmarks of a final order or judgment.  We therefore must dismiss the appeal for want of jurisdiction without reaching the merits of any other arguments raised.  *See Lehmann*, 39 S.W.3d at 196 ("An appeal from such a [non-final] judgment must be dismissed or at least abated, resulting in delay and a waste of the courts' and the parties' resources."); TEX. R. APP. P. 42.3(a), 43.2.  Accordingly, we express no opinion as to whether Tiffany's suit was timely filed and offer no comment on the trial court's analysis or disposition of the motion.

## Conclusion

We dismiss the appeal for want of jurisdiction.


                                   MATT JOHNSON
                                   Justice

Before Chief Justice Gray,
      Justice Smith, and
      Justice Johnson
Appeal dismissed
Opinion delivered and filed August 30, 2023
[CV06]

